UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD E. HINTON, *Pro Se,* | ) | Case No.: 5:24 CV 1266 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| WARDEN GEORGE FREDERICK, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent | ) | |

*Pro Se* Petitioner Gerald Hinton filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He is currently incarcerated in the Marion Correctional Institution, having pled guilty in 2014 in the Wayne County Court of Common Pleas to one count of rape of a child under ten years old. He was sentenced to life in prison without the possibility of parole. Ten years later, Hinton contests this sentence claiming Ohio repealed indefinite sentences in July 1996 with Ohio Senate Bill 2 ("S.B. 2"). He claims that a life sentence without parole should be considered an indefinite sentence. He contends his sentence is void and he should be released from prison.

## Background

On July 1, 2014, Hinton was charged in a five-count Indictment with raping his three-year-old granddaughter and his thirty-year-old daughter when she was between the ages of three and five. He pled guilty on November 6, 2014, to one count of raping his granddaughter. The Wayne County Court of Common Pleas sentenced him on December 9, 2014, to life in prison without parole. *See State of Ohio v. Hinton*, No. 2014 CRC-1 000266 (Wayne Cty. Ct. Comm. Pl. Dec. 9. 2014).

Hinton first attempted to appeal his conviction and sentence on June 2, 2015. The Ohio Ninth District Court of Appeals dismissed the appeal as untimely filed on September 4, 2015. *Id.* Hinton then filed a Motion for Leave to File a Delayed Appeal on December 28, 2015. The Appellate Court granted this Motion; however, they dismissed his appeal on September 19, 2016, because Hinton never filed an appellate brief. He did not appeal any of these decisions to the Supreme Court of Ohio.

Hinton filed a Motion to Correct Void Judgment on June 18, 2018, a Motion to Vacate Void Judgment with Prejudice on January 4, 2019, a Petition for a Writ of Procedendo on July 30, 2019, a Motion to Amend Motion to Vacate Void Judgment with Prejudice December 9, 2019, and a Motion in Arrest of Judgment on January 9, 2023. Those Motions were denied by the trial court. He filed three Petitions for a Writ of Procedendo in the Court of Appeals in March, May, and October 2021, and a Motion for Relief from Judgment under Civil Procedure Rule 60(b) in the Ohio Ninth District Court of Appeals on May 3, 2022. He also filed a Petition for a Writ of Habeas Corpus in the Supreme Court of Ohio. His Petition was denied. (Doc. No. 7 at PageID #: 12); *Id.*

Hinton has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 claiming that his sentence is contrary to Ohio law. He contends that in July 1996, Ohio S.B.2 repealed its sentencing statutes that provided for indefinite sentences and replaced them with statutes that provide for definite sentences. He contends that his sentence of life in prison without parole imposed in December 2014, is an indefinite sentence, and he therefore was sentenced under the repealed statute rather than a current statute. He claims that his sentence is contrary to Ohio law. He asks this Court to vacate his sentence and release him.

## Habeas Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to Habeas Corpus Petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

## Procedural Barriers to Habeas Review

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies and have no remaining state remedies before a federal court will review a Petition for a Writ of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted Defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

The doctrine of procedural default also limits access to federal court review of the merits of a constitutional claim. *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies where state remedies are "still available at the time of the federal Petition." *Id*. at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982)). In contrast, where state court remedies are no longer available, procedural default rather than exhaustion applies. *Williams*, 460 F.3d at 806.

Procedural default can occur in two ways. First, a Petitioner procedurally defaults a claim if he fails to comply with state procedural rules in presenting his claim to the appropriate state court and the claim is dismissed on that basis. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Second, a Petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures, and now state law no longer allows him to raise it. *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal Habeas Corpus Petition."); *see also State v. Moreland*, 50 Ohio St.3d 58, 62 (1990) (failure to present a

4

claim to a state court of appeals constituted a waiver). To overcome a procedural default bar, a Petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Finally, Petitioner must file his Habeas Petition within the one-year statute of limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1) and (2). The limitation period begins to run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. The statute of limitation is tolled during the time that a properly-filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). This tolling provision, however, does not revive an already expired the limitations period (i.e., restart the clock at zero). *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir.2003). It can only serve to pause a clock that has not yet fully run.

Simply stated, a federal court may review only federal claims that were evaluated on the merits by the state courts. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review. Furthermore, a federal court may only consider claims that are timely filed within the statute of limitations period.

There are other limitations on federal court review of habeas corpus claims. The statute, 28 U.S.C. § 2254, permits a federal district court to entertain a Habeas Corpus Petition only if the

5

Petitioner claims he is in custody in violation of the United States Constitution, laws or treaties. 28 U.S.C. § 2254(a). A federal court considering a Habeas Petition cannot grant relief unless the state court decision in question involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). A claim based solely on an error of state law is not redressable through the federal habeas process. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). It is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 68. Federal courts must defer to a state court's interpretation of its own statutes, rules of evidence and rules of procedure when assessing a Habeas Petition. *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005). A claim based solely on a violation of state law is not cognizable in a federal Habeas Corpus Petition. *Id.* at 67.

## Analysis

Hinton's Petition does not surmount these barriers to federal court habeas review. As an initial matter, his Petition is untimely. He was convicted and sentenced on December 9, 2014. He did not file a timely appeal. He filed his first direct appeal on June 2, 2015, but it was dismissed as untimely on September 4, 2015. *Id.* Hinton then filed a Motion for Leave to File a Delayed Appeal on December 28, 2015. Although the Appellate Court granted this Motion, they dismissed his appeal on September 19, 2016, because he did not file a brief. In Ohio, litigants have forty-five days from the date of judgment to file a jurisdictional appeal. S.Ct.Prac.R. 7.01(A)(1)(a)(I). For Hinton, his appeal to the Supreme Court of Ohio would have been due on November 4, 2016. His direct review became final on November 4, 2016, when he did not file an appeal to the Supreme Court of Ohio. The one-year statute of limitations for federal habeas review began to run on that date. It expired on November 4, 2017. Hinton began filing post-judgment motions in the trial court in

6

June 2018,but at that point, the statute of limitations had already expired. His motions could not restart the clock. The same can be said for his Motion for Relief from Judgment and his Writs of Procedendo filed in the Ninth District Court of Appeals in 2021 and 2022, and his Ohio Habeas Petition filed in the Supreme Court of Ohio in 2024. This Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 is untimely.

In addition, Hinton's only claim is procedurally defaulted. He claims he was sentenced in 2014, under a statute that was repealed eighteen years earlier in 1996. If this is true, that information would have been readily available at the time of sentencing and this claim could and should have been raised on direct appeal of his sentence. It is unclear if he asserted this ground on direct appeal. If he did not raise it on appeal, he cannot now go back to the Ohio Appellate Court as he already filed a direct appeal and a delayed direct appeal of his conviction. He would have no procedural mechanism in the State of Ohio to file a third appeal. If he did raise this claim on direct appeal, his claim is still procedurally defaulted because his direct appeal and delayed direct appeal were dismissed because Hinton did not comply with state procedural rules. He did not appeal those decisions to the Supreme Court of Ohio. Ohio law prohibits Hinton from returning ten years later to file a third appeal to comply with the procedural rules. His claim is procedurally defaulted. This Court can only consider a claim that was procedurally defaulted if Hinton demonstrates cause for the default and actual prejudice. He does not present any argument for cause for failing to file a brief or for failing to appeal that decision. Furthermore, there was no prejudice from the default as Hinton's claim is based on his creative interpretation of life without parole as an indefinite sentence under pre-S.B. 2 statutes. There is no actual indication in the judgment of conviction that the trial court relied on a pre-S.B. 2 statute to arrive at a life sentence.

Finally, even if his Petition was timely filed and his only claim was not procedurally defaulted, Hinton's claim is based on a violation of state law and is not cognizable in habeas corpus. He contends that a life sentence without parole is truly an indefinite sentence. He claims Ohio repealed the statutes that provided indefinite sentences and replaced them with statutes providing for definite sentences. He concludes that because his life sentence is really an indefinite sentence, he was sentenced under a repealed statute and, therefore, his sentence is contrary to Ohio law. The question of whether Ohio considers life sentences without parole to be definite or indefinite sentences is a matter of Ohio law, not federal law. Alleged errors of a state court's interpretation of its own law or procedure are not cognizable on federal habeas corpus review. *Simpson v. Jones*, 238 F.3d 399, 406-07 (6th Cir. 2000).

## Conclusion

Accordingly, the Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1) is granted. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

September 30, 2024

8